UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LG CAPITAL FUNDING, LLC, a New York
Limited Liability Company,                                                   :Case No: 1:17-cv-09181
                                                                             :
                       Plaintiff,                                            :
                                                                             :
        -    against -                                                       :
                                                                             :
                                                                             :
                                                                             :
CARDINAL ENERGY GROUP INC., a Nevada
Corporation,
                       Defendant.                                            :
-------------------------------------------------------------------------X


### ANSWER OF DEFENDANT CARDINAL ENERGY GROUP, INC. TO PLAINTIFF LG CAPITAL FUNDING, LLC'S COMPLAINT

Defendant Cardinal Energy Group, Inc. ("CEGX," or "Defendant") hereby answer

Plaintiff LG Capital Funding LLC's ("LG" or "Plaintiff") Complaint (the "Complaint).

### GENERAL RESPONSES TO PLAINTIFF'S ALLEGATIONS

The Complaint improperly mixes factual averments with legal argument and rhetoric

such that admissions or denials of factual averments are difficult or impossible to make.

Moreover, many of the allegations in the Complaint are overbroad, vague, or conclusory, and

include terms that are undefined and ambiguous.

All responses herein are provided based on information reasonably available to

Defendants, counsel's investigation of reasonably available information, and/or upon

information and belief. Any admission as to any allegation or set of allegations does not

constitute an admission that Defendant had knowledge or information concerning the facts

alleged at any time prior to the filing of the Complaint unless explicitly admitted herein.

By referring to or admitting the existence of any documents quoted, described, or

otherwise referenced in the Complaint, Defendant does not acknowledge or concede that such

documents are what they purport to be, are accurate as to their substance, constitute business

records within the meaning of the Federal Rules of Evidence, or are otherwise admissible on any

other basis.

By referring to or admitting the existence of any document quoted, described, or

otherwise referenced in the Complaint, Defendant does not acknowledge or concede that

Defendant have any knowledge or information concerning the document quoted, described, or

otherwise referenced at any particular point in time prior to the filing of the Complaint, unless

explicitly admitted herein.

These comments and objections are incorporated, to the extent applicable, into each

numbered paragraph of this Answer. For the avoidance of doubt, all allegations in the Complaint

are denied unless specifically admitted and any factual averment admitted is admitted only as to

the specific facts and not as to any conclusions, characterizations, implications, or the like which

are contained in the averment or in the Complaint as a whole. All headings, subheadings, and

other statements made by Plaintiffs that are not designated by a numbered paragraph are hereby

expressly denied.

All averments herein are not intended to be comprehensive but are merely examples, and

the failure to include averments or any particular averment in response to particular allegations

does not mean that such averments or other facts do not apply to rebut those allegations.

Defendants reserve the right to further amend their responses and averments at a later

date.

## SPECIFIC RESPONSES TO PLAINTIFFS' ALLEGATIONS
## THE PARTIES

1.  Deny knowledge or information sufficient to form a belief as to the truth of the
    matters contained in Paragraph 1 of the Complaint.

2.  Admit allegations contained in paragraph 2.

3.  Paragraph 3 of the Complaint contains conclusions of law to which no response is
    required. To the extent Paragraph 3contains factual allegations, Defendant denies
    the allegations set forth in Paragraph 3.

4.  Paragraph 4 of the Complaint contains conclusions of law to which no response is
    required. To the extent Paragraph 4 contains factual allegations, Defendant denies
    the allegations set forth in Paragraph 4.

5.  Denies the allegations contained in Paragraph 5 except admits that the transaction
    documents contain venue and jurisdiction clauses providing venue in this district.

6.  Admit.

## FACTS COMMON TO LL CLAIMS
## SECURITIES PURCHASE AGREEMENT AND THE NOTE

7. Admit the allegations contained in Paragraph 1 of the Complaint.

8.  Paragraph 2 of the Complaint references a document, which document speaks for

itself. Defendant respectfully refers the Court to the document referenced in Paragraph 2

of the Complaint for its true content and denies any allegation inconsistent with that full

text ands denies that plaintiff purchased stock of the defendant.

9. Paragraph 3 of the Complaint references a document, which document speaks for

itself. Defendant respectfully refer the Court to the document referenced in Paragraph 3

of the Complaint for its true content and denies any allegation inconsistent with that full

text.

10. Paragraph 4 of the Complaint references a document, which document speaks for

itself. Defendant respectfully refers the Court to the document referenced in Paragraph 4

of the Complaint for its true content and denies any allegation inconsistent with that full

text. Defendant denies the transaction was a purchase of stock and was a just a loan.

11.  Paragraph 5 of the Complaint references a document, which document speaks for

itself. Defendant respectfully refers the Court to the document referenced in Paragraph 5

of the Complaint for its true content and denies any allegation inconsistent with that full

text. Defendant further denies the transaction was a purchase of stock and was just a

loan.

12. Paragraph 6 of the Complaint references documents, which documents speak for

themselves. Defendant respectfully refer the Court to the documents referenced in

Paragraph 6 of the Complaint for their true content and deny any allegation inconsistent

with that full text.

13. Paragraph 7 of the Complaint references documents, which documents speak for

themselves. Defendant respectfully refers the Court to the documents referenced in

Paragraph 7 of the Complaint for their true content and denies any allegation

inconsistent with that full text.

14. Paragraph 8 of the Complaint references a document, which document speaks for itself. Defendant respectfully refer the Court to the document referenced in Paragraph 8 of the Complaint for their true content and deny any allegation inconsistent with that full text.

15. Paragraph 9 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 9 of the Complaint for their true content and denies any allegation inconsistent with that full text.

16. Paragraph 10 of the Complaint references a document, which document speaks for itself. Defendant respectfully refers the Court to the document referenced in Paragraph 10 of the Complaint for its true content and denies any allegation inconsistent with that full text.

17. Paragraph 11 of the Complaint references a document, which document speaks for itself. Defendant respectfully refers the Court to the document referenced in Paragraph 11 of the Complaint for its true content and denies any allegation inconsistent with that full text.

18. Paragraph 12 of the Complaint references a document, which document speaks for itself. Defendant respectfully refers the Court to the document referenced in Paragraph 12 of the Complaint for their true content and denies any allegation inconsistent with that full text.

19. Paragraph 13 of the Complaint references documents, which documents speaks for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 13 of the Complaint for their true content and denies any

allegation inconsistent with that full text.

20. Paragraph 14 of the Complaint contains a statement to which no response is required.

21. Admits the allegations contained in Paragraph 15 of the Complaint

22. Admit the allegations contained in Paragraph 16 of the Complaint.

23. Denies the allegations contained in Paragraph 17 of the Complaint because the underlying transactions are criminally usurious as a matter of law pursuant to Penal Law §190.40 and void, *ab intio,* pursuant to GOL §5-511.

24. Paragraph 18 of the Complaint references documents, which documents speak for themselves. Defendants respectfully refers the Court to the documents referenced in Paragraph 18 of the Complaint for their true content and denies any allegation inconsistent with that full text.

25. Paragraph 19 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 19 of the Complaint for their true content and denies any allegation inconsistent with that full text.

26. Admits allegations in paragraph 20 of the complaint.

27. Admits the allegation contained in Paragraph 21 of this complaint. That defendant was excused from performance because the transactions violated Penal Law §190.40 by charging a criminally usurious rate of interest, and the underlying transactions are void, as a matter of law, pursuant to GOL §5-511.

28. Paragraph 22 of the Complaint contains conclusions of law to which no

response is required.

29. Admit the allegations contained in Paragraph 23 of the Complaint.

30. Paragraph 24 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refer the Court to the documents referenced in Paragraph 24 of the Complaint for their true content and denies any allegation inconsistent with that full text. To the extent Paragraph 24 contains factual allegations, Defendants deny the allegations contained in Paragraph 24 of the Complaint

31. Paragraph 25 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 25 of the Complaint for their true content and denies any allegation inconsistent with that full text. Paragraph 25 also states a conclusion of law, to which no response is required.

32. Paragraph 26 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 26 of the Complaint for their true content and denies any allegation inconsistent with that full text.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 27 of the Complaint.

34. Paragraph 28 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 28 of the Complaint for their true content and denies any allegation inconsistent with that full text.

35. Admits the allegations in paragraph 29 of the complaint.

36. Paragraph 30 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 30 of the Complaint for their true content and denies any allegation inconsistent with that full text.

37. Paragraph 31 contains conclusions of law to which no response is required. Otherwise, denied.

38. Paragraph 32 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 32 of the Complaint for their true content and denies any allegation inconsistent with that full text.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 33 of the Complaint, except admits that it has not tendered the payment referred to on Paragraph 33.

40. Paragraph 34 contains conclusions of law to which no response is required.

41. Admit the allegations contained in Paragraph 35 of the Complaint.

42. Paragraph 36 of the Complaint references documents, which documents speak for themselves. Defendants respectfully refer the Court to the documents referenced in Paragraph 36 of the Complaint for their true content and denies any allegation inconsistent with that full text.

43. Paragraph 37 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 37 of the Complaint for their true content and denies any

allegation inconsistent with that full text.

44. Paragraph 38 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 38 of the Complaint for their true content and denies any allegation inconsistent with that full text.

45. Denies paragraph 39 of the complaint.

46. Paragraph 40 contains conclusions of law to which no response is required. Otherwise denies the allegations contained in Paragraph 40 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 41 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 42 of the Complaint.

49. Denies the allegations contained in Paragraph 43 of the Complaint.

50. Paragraph 44 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 44.

51. Paragraph 45 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in paragraph 45 of the Complaint for their true content and deny any allegation inconsistent with that full text.

52. Paragraph 46 of the Complaint references documents, which documents speak for themselves. Defendants respectfully refers the Court to the documents

referenced in paragraph 46 of the Complaint for their true content and denies any allegation inconsistent with that full text.

53. Paragraph 47 of the Complaint references a document, which documents speak for itself. Defendants respectfully refers the Court to the document referenced in Paragraph 47 of the Complaint for their true content and denies any allegation inconsistent with that full text.

54. Denies the allegations contained in Paragraph 48 of the Complaint as performance is excused because the transactions violate Penal Law §190.40, are void as a matter of law, and unenforceable.

55. Defendants reiterate each and every response to Paragraphs 1 through 54 heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

56. Paragraph 50 of the Complaint contains conclusions of law to which no response is required.

57. Paragraph 51 of the Complaint contains conclusions of law to which no response is required.

58. Paragraph 52 of the Complaint contains conclusions of law to which no response is required.

59. Paragraph 53 of the Complaint contains conclusions of law to which no response is required

60. Paragraph 54 of the Complaint contains conclusions of law to which no response is required.

61. Defendants reiterate each and every response to Paragraphs 1 through 60 heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

62. Paragraph 56 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 56 contains factual allegations, Defendants deny the allegations set forth in Paragraph 56.

63. Paragraph 57 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 57 contains factual allegations, Defendants deny the allegations set forth in Paragraph 57.

64. Paragraph 58 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 58 contains factual allegations, Defendants denies in part, the allegations set forth in Paragraph 58.

65.  Denies the allegation contained in paragraph 59 of the complaint.

66. Defendant denies any allegations in Paragraph 60. Defendants object to the relief requested and deny that Plaintiff is entitled to any relief whatsoever.

67. Defendants reiterate each and every response to Paragraphs 1 through 66 heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

68. Denies responsibility or liability for unjust enrichment.

69. Denies the allegations in paragraph 63 of the Complaint.

70. Defendants denies that Plaintiff is entitled to any relief whatsoever.

71. Defendants reiterate each and every response to Paragraphs 1 through 70

heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

72. Paragraph 66 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 66 contains factual allegations, Defendants deny the allegations set forth in Paragraph 66.

73. Paragraph 67 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 67 contains factual allegations, Defendants deny the allegations set forth in Paragraph 67.

74. Deny the allegations contained in in Paragraph 68 of the Complaint.

75. Paragraph 69 of the Complaint contains conclusions of law to which no response is required.

76. Defendant denies any allegations in Paragraph 70. Defendants object to the relief requested and denies that Plaintiff is entitled to any relief whatsoever.

77. Defendants reiterate each and every response to Paragraphs 1 through 76 heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

78. Paragraph 72 of the Complaint references documents, which documents speak for themselves. Defendant respectfully refers the Court to the documents referenced in Paragraph 72 of the Complaint for their true content and denies any allegation inconsistent with that full text.

79. Paragraph 73 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 73 contains factual allegations, Defendants

deny the allegations set forth in Paragraph 73.

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred as the transactions and their documents reflect an intent by plaintiff, and plaintiff did charge a criminally usurious rate of interest in violation of New York Penal Law 190.40, and the transactions are void *ab ibitio* pursuant to GOL§5-511. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands

## THIRD DEFENSE

Plaintiff's claims for unjust enrichment are barred as the transactions charged criminally usurious rates of interest and thus are void as a matter of law. Plaintiff's equitable claims are barred, in whole or in part, by the doctrine of unclean hands and no equitable relief is available.

## FOURTH DEFENSE

Plaintiff cannot establish that Defendants were unjustly enriched by the agreement as there is no certain legal or equitable obligation to repay the money under a void contract.

## FIFTH DEFENSE

Plaintiff cannot establish that Defendant did not intend to continue performing any of its obligations under the contract, whether or not that contract is void.

13

SIXTH DEFENSE

Plaintiff's claims for costs and expenses including attorney's fees pursuant to the Notes are barred by the doctrine of unclean hands due to the usurious nature of the Notes, rendering them void.

RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses as they become known.

PRAYER FOR RELIEF

WHEREFORE, Defendant Cardinal Energy Group, Inc., respectfully request that this Court:

i. Dismiss the Complaint in its entirety;

ii. Award Defendants' costs and attorneys' fees; and

iii. Order such other and further relief as it deems just and proper.

Dated: January 29, 2018
Jericho, New York

THE BASILE LAW FIRM P.C.

By: /s/ Mark R. Basile
Mark R Basile, Esq. (MB2201)

*Attorney for Defendants*
400 Jericho Turnpike – Suite 104
Jericho, NY 11753
Tel: (516) 455-1500
Fax: (631) 498-0478
mark@thebasilelawfirm.com

14